MARISA D. POULOS (SBN 197904)
marisa.poulos@balboacapital.com
BALBOA CAPITAL CORPORATION
575 Anton Boulevard, 12th Floor.
Costa Mesa, California 92626
Tel: (949) 399-6303

ANDREW K. ALPER (State Bar No. 088876)
aalper@frandzel.com
BRUCE D. POLTROCK (State Bar No. 162448)
bpoltrock@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Plaintiff,
Ameris Bank dba Balboa Capital Corporation

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| AMERIS BANK, a Georgia corporation dba Balboa Capital Corporation,<br><br>　　　　　Plaintiff,<br>vs.<br><br>GLOWDOC, LLC, a Louisiana Limited Liability Company; BHAVINIBEN PATEL aka BVAHINI PATEL aka BHAVINIBEN SURESHBHAI PATEL aka BHAVINIBEN SURESHBHAI PATEL, M.D., an individual,<br><br>　　　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>1) BREACH OF EQUIPMENT FINANCING AGREEMENTS<br><br>2) BREACH OF PERSONAL GUARANTIES |

Plaintiff alleges as follows:

## PARTIES AND JURISDICTION

1. At all times herein mentioned, Plaintiff Ameris Bank was and is a Georgia Corporation doing business as Balboa Capital Corporation ("Plaintiff" or "Balboa") with its principal place of business in Atlanta, Georgia. Prior to the initiation of this action, Balboa was a California corporation, doing business in the County of Orange, in good standing, and authorized to conduct business in the State of California, which was then was acquired by Ameris Bank. Balboa's principal place of business is Costa Mesa, California.

2. Defendant GLOWDOC, LLC ("GLOWDOC") is, and at all times mentioned herein was, a Louisiana Limited Liability company doing business in the City of Lake Charles, County of Calcasieu, State of Louisiana.

3. Plaintiff is informed and believes and thereon alleges that Defendant BHAVINIBEN PATEL aka BHAVINI PATEL aka BHABVINIBEN SURESHBHAI PATEL aka BHAVINIBEN SURESHBHAI PATEL, M.D. ("GUARANTOR") was an individual residing and doing business in the City of Lake Charles, County of Calcasieu, State of Louisiana. Plaintiff is further informed and believes and thereon alleges that GUARANTOR may also live in the City of McKinney, County of Collin, State of Texas. GUARANTOR is licensed in both Louisiana and Texas. GUARANTOR is a managing member and/or owner and authorized agent of and for GLOWDOC. Whether GUARANTOR is a resident of Texas or Louisiana, such residency does not destroy or change diversity of citizenship in this case.

4. Plaintiff is informed and believes and thereon alleges that each Defendant, directly or indirectly, or through agents or other persons, was engaged with some or all of the other Defendants in a joint enterprise for profit and bore such other relationships to some or all of the other Defendants so as to be liable for their

conduct with respect to the matters alleged below. Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about the foregoing, and that each Defendant authorized, ratified, adopted, approved, controlled, and aided and abetted the conduct of all other Defendants.

5. The obligations sued upon herein are commercial in nature and the Complaint herein is not subject to the provisions of California *Civil Code* Sections 1801, *et seq.* (Unruh Retail Installment Sales Act) and/or California *Civil Code* Sections 2981, *et seq.* (Rees-Levering Motor Vehicle Sales and Finance Act).

6. Pursuant to the Equipment Financing Agreement and Personal Guaranty described herein below, Defendants agreed that the Equipment Financing Agreement and Guaranty would be governed by the laws of the State of California since Balboa's principal place of business was and still is in Costa Mesa, California. In addition, the Equipment Financing Agreement and Guaranty provides, in pertinent part, that Defendants submit to the jurisdiction of California and agrees that any action or proceeding to enforce this Agreement, or any action or proceeding arising out of or related to this Agreement will be exclusively commenced, initiated and litigated in the California State Courts of Orange County California and/or the United States District Court for the Central District of California, Santa Ana Division.

7. <u>Jurisdiction</u>. This Court has jurisdiction over the case pursuant to 28 U.S.C. §1332(a) by virtue of the fact that Plaintiff and Defendants are citizens of different states and the amount due is in excess of $75,000.00 exclusive of interest and costs pursuant to 11 U.S.C. §1332(a)(1).

8. <u>Venue</u>. This case is properly brought in this judicial district pursuant to 28 U.S.C. §1391(b)(1) and (2), and pursuant to 28 U.S.C. §84(c)(3), in that this District is a District where Plaintiff and Defendants agreed that litigation may be

commenced since the contract at issue has a forum selection clause and Plaintiff is located in Orange County, California where the contracts referred to herein were entered into and made to be performed in Orange County, California.

## FIRST CLAIM

### (Breach of Equipment Financing Agreement against Defendant GLOWDOC, LLC)

9. Balboa incorporates Paragraphs 1 through 8, inclusive, of the Preliminary Allegations herein as though set forth in full.

10. On or about October 27, 2021, Balboa is informed and believes that GLOWDOC initiated and engaged with Invasix, Inc. located in Irvine, California ("Equipment Vendor 1"), in order to coordinate the acquisition and financing of certain equipment described in the Invoice attached hereto as Exhibit "1" and incorporated by reference as if set forth in full (hereinafter referred to as "Loan 1 Collateral") for its business. Equipment Vendor 1 worked with GLOWDOC in the selection of the Loan 1 Collateral and in coordinating the delivery of the Loan 1 Collateral.

11. Thereafter, Plaintiff is informed and believes and therefore alleges that Equipment Vendor 1 initiated and coordinated submission of Defendants' electronic credit application to Plaintiff. Upon review, GLOWDOC concluded that Plaintiff offered agreeable terms to finance the Loan 1 Collateral commensurate with its requirements. Thereafter, Equipment Vendor 1 accumulated and submitted to Plaintiff the requisite signatures, documentation, and financial information from the Defendants to finance the Loan 1 Collateral being supplied by Equipment Vendor 1.

12. On or about October 29, 2021, Plaintiff and GLOWDOC entered into a certain written Equipment Financing Agreement No. 266478-004 under the terms of which Plaintiff loaned to GLOWDOC the principal sum of one hundred forty-three thousand, two hundred sixty dollars ($143,260.00) in order to finance the

purchase of the Loan 1 collateral. EFA 1 required GLOWDOC to make 6 payments of $99.00 per month followed by 60 monthly payments of $3,321.55, until the loan was paid in full ("EFA 1"). A true and correct copy of EFA 1 is attached hereto as Exhibit "2" and is incorporated herein by reference.

13. The last payment made by GLOWDOC was credited towards the September, 2023, monthly payment. Therefore, on or about October 27, 2023, GLOWDOC breached EFA by failing to make the monthly payment due on that date and therefore payments are due for October 27, 2023, and each payment due thereafter. GLOWDOC'S failure to make timely payments is a default under the terms of EFA 1.

14. In accordance with the terms of EFA 1, and as a proximate result of GLOWDOC's default thereunder, Plaintiff declared the entire balance of the payments under the EFA to be immediately due and payable to Balboa. In addition, pursuant to the EFA, Balboa is entitled to recover all future payments due under the EFA. Therefore, after discounting the payments to present value as of November 16, 2023, there became due the sum of $132,600.78. These amounts are exclusive further accruing interest, attorneys' fees and costs, and late charges no portion of which sum has been paid by GLOWDOC.

15. Plaintiff has performed all of the terms, conditions, and covenants required to be performed by Plaintiff under the terms of EFA 1, except as excused or prevented by the conduct of GLOWDOC.

16. As a proximate result of GLOWDOC'S breach of EFA 1, Plaintiff has been damaged in the total sum of not less than $135,922.23, plus interest at the rate of ten percent (10%) per annum from October 27, 2023, until the entry of judgment herein.

17. Under the terms of EFA 1, GLOWDOC promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of EFA

1. Therefore, Plaintiff requests the Court award Plaintiff its reasonable attorneys' fees and costs.

## SECOND CLAIM

### (Breach of Personal Guaranty Against Defendant BHAVINIBEN PATEL)

18. Balboa incorporates Paragraphs 1 through 17, inclusive, of the Complaint herein as though set forth in full.

19. Concurrent with the execution of EFA 1, and to induce Plaintiff to enter into EFA 1 with GLOWDOC, GUARANTOR guaranteed in writing the payment of the then existing and future indebtedness due and owing to Plaintiff under the terms of EFA 1. A true and correct copy of the written Personal GUARANTY for Defendant BHAVINIBEN PATEL, the GUARANTOR ("Personal Guaranty") is attached hereto as part of Exhibit "2" and incorporated herein by reference.

20. Plaintiff has performed all the terms, conditions, and covenants required to be performed by Plaintiff under the terms of the Personal Guaranty, except as excused or prevented by the conduct of GUARANTOR.

21. Following a default by GLOWDOC, Plaintiff demanded that GUARANTOR make the payments required under EFA 1. GUARANTOR failed and/or refused to make the payments required under EFA 1.

22. Pursuant to the terms of the Personal Guaranty, the sum of not less than $135,922.23, plus interest at the rate of ten percent (10%) per annum from October 27, 2023, is due and payable to Plaintiff from GUARANTOR. Plaintiff is also entitled to late charges in an amount according to proof. This Complaint, in addition to previous demands, shall constitute demand upon GUARANTOR to pay the entire indebtedness due and owing from GLOWDOC to Plaintiff under the terms of EFA 1.

23. Under the terms of the Personal Guaranty, GUARANTOR promised to pay all costs, including reasonable attorneys' fees, incurred by Plaintiff in the

enforcement of EFA 1 and the Personal Guaranty. Therefore, Plaintiff requests the Court award Plaintiff its reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff Balboa Capital Corporation prays for Judgment against Defendants, and each of them, as follows:

## ON THE FIRST AND SECOND CLAIMS

1. For the total sum of not less than $135,922.23, plus interest at the rate of ten percent (10%) per annum from August 20, 2023;

2. For late charges in an amount according to proof;

3. For reasonable Attorney's Fees in an amount according to proof;

4. For costs of suit incurred herein; and

5. For such other and further relief as the Court may deem just and proper.

DATED: February 28, 2024

FRANDZEL ROBINS BLOOM & CSATO, L.C.
ANDREW K. ALPER
BRUCE D. POLTROCK

By: _____
ANDREW K. ALPER
Attorneys for Plaintiff,
Ameris Bank dba Balboa Capital Corporation

# EXHIBIT 1

**INMODE**

US Office:
Invasix Inc.
17 Hughes
Irvine, CA 92618

**EXHIBIT A1**

Canada Office:
100 Leek Crescent, Unit 15
Richmond Hill, ON L4B 3E6
Tel: 1-855-411-2639
Fax: 1-855-411-6789

| Federal ID # | 26-3517337 | | Invoice Number | IV10212703 |
|---|---|---|---|---|
| Agreement Number | | | Date of Invoice | Oct 27, 2021 |

**Bill To**
Glowdoc LLC dba GlowDoc Med Spa
3939 Ryan Street
Lake Charles, LA 70601

**Ship To**
Glowdoc LLC dba GlowDoc Med Spa
3939 Ryan Street
Lake Charles, LA 70601

| Qty | Product Description | UOM | Unit Price | Extended Price |
|---|---|---|---|---|
| 1 | **Empower RF System** <br> One (1) year equipment warranty. System includes: | Unit | 130,000.00 | 130,000.00 |
| 1 | Morpheus8 Handpiece <br>  • 1 box of each 24, 24 Resurfacing, 12 Prime pin tips | | | |
| 1 | Morpheus8V Handpiece <br>  • 2 box of sterilized tips (8 tips) | | | |
| 1 | FormaV Handpiece <br>  • 2 box FormaV Wand Tips (6 tips) | | | |
| 1 | vTone Adapter <br>  • 2 box of sterilized tips (4 tips) | | | |
| 1 | Morpheus8 Body Handpiece <br>  • 1 box of 4 tips (40 pins body) <br><br> • 1 each Power Cord, Foot Pedal <br> Shipping and Handling | | | |
| 1 | **Marketing Kit**: Printed and electronic marketing material support: <br> Including <br> • Patient brochures, print-ready files, before & after photos, 7ft pullup banner <br> • Waiting room video, web and media files | | | |

|  |  |
|---|---|
| Subtotal | 130,000.00 |
| Sales Tax | 13,260.00 |
| **Net Amount Due**  $ | **143,260.00** |

**Payment Method (Optional)**

**Wire Transfer Address**

Account Name:   Invasix Inc.
Bank Name:   Wells Fargo Bank
Branch:
Bank Address:   420 Montgomery St
   San Francisco, CA 94104
US $ Account No.   4309182996
Routing No.   121000248

**Credit Card Payment**

Credit Card No.

Expiry Date        Sec Code

Signature

Date of Charge

# EXHIBIT 2

Case 8:24-cv-00522-JWH-KES   Document 1   Filed 03/11/24   Page 11 of 13   Page ID #:11

Copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service.

# Balboa Capital

## EQUIPMENT FINANCING AGREEMENT ("Agreement")

Agreement # 266478-004

### DEBTOR INFORMATION

| | | |
|---|---|---|
| **Debtor Name:** ("you" or "your") GLOWDOC LLC dba GlowDoc Med Spa | **Debtor Address:** 3939 Ryan Street Lake Charles, LA 70601 | **Collateral Location:** (If different from Debtor Address) 3939 Ryan Street Lake Charles, LA 70605 |
| **Debtor Phone #:** | **Federal Tax ID #:** 823439560 | |

### PAYMENT AND TERMS

**Full Description of Collateral (Include Make Model, Serial Numbers)**
See Invoices attached hereto as exhibit A1 and incorporated herein by this reference.

**Collateral Cost:** 143,260.00

**Initial Payment Date:** 12/27/2021

**Term:** 66 (Plus any Prefund or Per diem Period)

**Monthly Payment Schedule:** 1-6 @ $99.00 ; 7-66 @ $3,321.45

**Initial Payment** (Debtor requests that this amount be electronically debited)

- SECURITY DEPOSIT: $0.00
- FIRST PAYMENT: $99.00
- LAST PAYMENT: $0.00
- Fee $: $500.00
- Fee %: 0.00 %
- (% of Original Collateral Cost)
- Total Amount Due: $599.00

By signing below Debtor hereby irrevocably accepts the Collateral under this Agreement and irrevocably authorizes Creditor to pay the supplier on behalf of the Debtor. The person executing this Agreement is authorized to do so, making this Agreement the valid and binding act of the Debtor. DEBTOR WARRANTS AND REPRESENTS THIS DOCUMENT IS A COMPLETE AND FULLY NEGOTIATED VERSION, IT CONTAINS NO BLANK SPACES AND REPRESENTS THE FINAL AND AGREED UPON TERMS PRIOR TO SIGNATURE EXECUTION.

**Debtor:** GLOWDOC LLC dba GlowDoc Med Spa
**By:** *Bhaviniben Patel* (eSigned By: Oct 26, 2021 4:28:25 PM PDT)
**Name and Title:** Bhaviniben Patel   Member
**Date:** 10/26/2021

**Creditor:** Balboa Capital Corporation
California Lenders License #6032159
**By:** *Charisma Abel* (eSigned By: Oct 29, 2021 1:05:40 PM PDT)
**Title:** Vice President
**Date:** 10/29/2021

**GUARANTY:** You (jointly and severally if more than one) unconditionally guarantee to us and our assigns the payment and performance when due of all of the obligations of the Debtor under the Agreement and all related documents executed by the Debtor. You acknowledge that you have read and understood the Agreement and this Guaranty. You agree that you have an interest in the Debtor, economic or otherwise, and that we would not enter into this Agreement without this Guaranty. We may proceed against you before proceeding against the Debtor, the Collateral or enforce any other remedy. Notwithstanding any changes made to the Agreement in our dealings with Debtor, this Guaranty will remain in effect as changed even if you are not notified of the changes and will remain in effect even if the Agreements are no longer enforceable against the Debtor. You waive all notices to which you may have a right. You agree to pay us all our expenses in enforcing this Guaranty. You may not assign this Guaranty without our written consent. The governing law, jurisdiction and venue provisions of the Agreement shall apply to any action to enforce this Guaranty. You consent to our conducting a credit evaluation of you from all sources, periodically reporting and updating it and sharing the results with others. You agree that we may obtain any information from credit reporting agencies we deem necessary to enforce this Guaranty.

| | | |
|---|---|---|
| **Guarantor's Signature:** *Bhaviniben Patel* (eSigned Oct 26, 2021 4:28:25 PM PDT) | **Name:** Bhaviniben Patel | **Date:** 10/26/2021 |
| **Guarantor's Signature:** | **Name:** | **Date:** |

**AUTHORIZATION FOR ACH PAYMENTS:** Payment of the Obligations, the Initial Payment/Total Amount Due, the amounts described in the Fees and Taxes section, and any other amounts owed under this Agreement shall be made by electronically withdrawing funds from the bank account listed below in this paragraph, or the account from which the Debtor paid any deposit or fee in conjunction with the execution of this Agreement, or any account from which Debtor paid any obligation under this Agreement, or the account from which a cancelled or voided check provided by the Debtor can be drawn, for the payment of all amounts owed by Debtor from time to time under this Agreement. Debtor initiates each transaction and authorizes Creditor to debit from any of the foregoing accounts the Obligations, the Initial Payment/Total Amount Due, amounts described in the Fees and Taxes section, and any other amounts owed under this Agreement and agrees that Creditor, or its assignees, has the right, but not the obligation, to do so. Debtor acknowledges that, if Creditor assigns this Agreement to a third party, the assignee is also authorized to debit any of the foregoing accounts outlined above. Debtor understands and agrees that this authorization to electronically withdraw funds from any of the foregoing accounts is irrevocable. Any incorrect charge will be corrected upon notification to Creditor, by either a credit or debit to Debtor's account.

| | |
|---|---|
| **Bank Name:** hancock whitney | **Bank City, State:** lake charles, mLA |
| **Account No:** 065400153 | **ABA Routing No.:** 0064014820 |
| **Business Name on Account:** GlowDoc medical spa | |
| **Street Address on Account:** 3401 ryan st | **City, State on Account:** lake charles LA, |
| **Authorized Signature:** *Bhaviniben Patel* (eSigned Oct 25, 2021 4:28:25 PM PDT) | **Name and Title:** Bhaviniben Patel   Member |

1 of 3

EFASP1296F

The original document is owned by Balboa Capital Corporation and this copy was created on Oct 29, 2021 01:05:47 PM.

**TERMS OF EQUIPMENT FINANCING AGREEMENT ("Agreement")**

**Agreement.** Balboa Capital Corporation, a California Corporation, California Lenders License #6032159, ("Creditor", "we", "us", or "our") agrees to lend to Debtor and you agree to borrow from us an amount for the financing of the Collateral.

**Commencement Date.** Upon verification of the delivery of the Collateral in a form acceptable to us ("Commencement Date"), you hereby authorize us to disburse the Collateral Cost as indicated on the supplier's invoice.

**Payments; Per Diem Expense Reimbursement.** Amounts received by us under this Agreement will be applied at our discretion to any amount outstanding. Debtor shall repay Creditor the above Monthly Payments in the number of monthly installments indicated above, plus the Per Diem Expense reimbursement as described in this paragraph. The initial Monthly Payment shall be deemed due as of the date indicated above and subsequent Monthly Payments shall be due on the same day of each month thereafter until paid. The first payment we will charge you shall be a pro rata portion of the Monthly Payment based on a daily charge of one-thirtieth (1/30th) or .033333% of the Monthly Payment calculated from the number of days from the Commencement Date to the start of the base term (the "Per Diem") and shall be due and payable on a date selected by Creditor. Debtor acknowledges that: a) Creditor may charge up to thirty (30) days of Per Diem; and b) **the Per Diem is not credited against the Monthly Payments and is in addition to the Term indicated above.** All Monthly Payments, Per Diem and other payments due under this Agreement or any other agreement with us (collectively "Obligation" or "Obligations") are payable in U.S. dollars, and may be adjusted upward or downward no more than ten percent (10%) to reflect actual costs. All other amounts due thereunder shall be due upon Debtor's receipt of Creditor's invoice. Advance payments may be applied to the Obligations at Creditor's discretion. In the event Debtor signs this Agreement, but the Agreement is not effected or signed by Creditor, the advanced payments, documentation fee and security deposit may be retained by Creditor so as to compensate Creditor for its processing costs, labor, and other expenses.

**Grant of Security Interest.** You hereby grant to us a security interest in the Collateral and all proceeds to secure all of your obligations under this Agreement.

**Disclaimer of Warranties and Claims; No Agency.** We make no representation or warranty, express or implied, regarding any matter whatsoever including the merchantability or fitness for a particular purpose of the Collateral. This Agreement is irrevocable. *Your obligation to pay all amounts payable hereunder is non-cancellable, absolute, and unconditional* and will not be subject to any reduction, setoff, defense, counterclaim, deferment or recoupment for any reason, **even if the Collateral is damaged, destroyed or defective**. You acknowledge you selected the Collateral and the supplier and your supplier is not our agent nor are we their agent. You understand and agree that we are independent and separate from supplier. You acknowledge that no one, including the supplier, has been authorized to waive or change any term or condition of this Agreement. No representation by the supplier as to any matter shall bind us or affect your duty to pay all amounts and perform all obligations hereunder. You will use the Collateral for commercial purposes only, in compliance with the law and not for any personal, family or household use.

**Collateral.** You will not modify or change location of the Collateral without our proper written consent and allow us to inspect it upon our request. At your expense you will maintain the Collateral in good operation condition and repair. You will keep the Collateral free and clear from all liens and encumbrances. Titled Collateral will be titled and/or registered as we direct. You are responsible for any damage or destruction of the Collateral. You will at our election repair the Collateral at your expense or pay to us all amounts then due and owing plus the total of all unpaid Payments for the Term discounted at 3%. You will indemnify and hold us, our member, managers and employees harmless from and against any claims, costs, expenses, damages and liabilities, in any way relating to the Collateral.

**Fees and Taxes.** You agree to pay when due and to hold us harmless from all taxes, interest and penalties relating to this Agreement and the Collateral ("Taxes") and reimburse us for those Taxes we pay on your behalf. If we pay any of the above for you, you agree to reimburse us and to pay us a processing fee for each payment we make on your behalf. In addition, you also agree to pay us any filing fees prescribed by the Uniform Commercial Code or other law and reimburse us for all costs and expenses involved in documenting and servicing this transaction. You further agree to pay us a loan fee on or before the date the first payment is due and a termination fee. You also acknowledge that in addition to the other obligations due under this Agreement, we may assess and you may be required to pay additional taxes and/or fees, including an invoice fee. Such fees may not only cover our costs they may also include a profit. You will indemnify us against the loss of any tax benefits arising out of your acts or omissions.

**Insurance.** During the Term you will maintain insurance we specify on the Collateral. If you do not provide us satisfactory proof of insurance we may, but are not required, to buy such insurance for our benefit and add charges which any result in a higher premium you would pay if you obtained insurance, plus an interest charge. At our option, in lieu of obtaining or continuing insurance, we may require you to pay a monthly additional fee up to 2% of the cost of the Collateral. This fee is not calculated with reference to additional risk nor constitutes additional profit for us, but represents the basis on which we are willing to forbear from exercising remedies and continue this Agreement without the required insurance. You will receive no insurance coverage and will not be released from any obligation under this Agreement. We are not selling insurance. We will cease charging the additional fee or billing for insurance 30 days after you provide satisfactory proof of insurance.

Initial: *BP*

**Default and Remedies.** If any one of the following occurs, you will be in default: (i) you fail to pay any amount under this Agreement when due; (ii) you cease doing business, admit your inability to pay your debts, or you file or have filed against you a petition under the Bankruptcy Code; (iii) you breach any other obligation contained in this Agreement; or (iv) any of the above events of default occur with respect to any Guarantor. Upon your default, we may do any or all of the following: (a) terminate this Agreement; (b) take possession of the Collateral; you irrevocably waive any security required of us in the event we take possession of the Collateral and require you to deliver it to us at your expense to a location designated by us; (c) accelerate and declare all sums due and to become due hereunder immediately due and payable, all future payments discounted at 3% as calculated by us; (d) sell, dispose of, hold, or lease the Collateral; (e) Creditor may sue for and recover from Debtor the sum of: (1) all unpaid Payments and other payments, including late charges and interest, due under this Agreement then accrued, all accelerated future payments due through the last day of the term of this Agreement; (2) any and all costs or expenses paid or incurred by Creditor in connection with the repossession, holding, repair, reconditioning and subsequent sale, lease or other disposition of the Collateral, including but not limited to attorney's fees and costs, whether or not litigation is commenced; (3) all other costs or expenses paid or incurred by Creditor at any time in connection with the execution, delivery, administration, amendment and enforcement or exercise of any of the Creditor's rights and remedies under this Agreement, including, but not limited to, attorneys' fees and costs, whether or not litigation is commenced, and taxes imposed by any governmental agency; (4) any actual or anticipated loss of federal or state tax benefits to Creditor (as determined by Creditor) resulting from Debtor's default or Creditor's repossession or disposition of the Collateral; and (5) any and all other damages proximately caused by Debtor's default; (f) exercise any other right or remedy which may be available to us under applicable law. You shall reimburse us for all costs we incur in enforcing our rights including our attorney's fees and costs of repossession, repair, storage and remarketing of the Collateral. A waiver of default will not be a waiver of any other subsequent default.

**General.** This Agreement **will be governed and construed under the laws of the State of California** without reference to its principle of conflicts of laws and is deemed to have been made and performed in Orange County, CA. **You submit to the exclusive and mandatory jurisdiction of CA** and agree that the CA state courts and/or the United States District Court for the Central District of California, Santa Ana Division, will have exclusive and mandatory jurisdiction over any action or proceeding to enforce this Agreement or any action or proceeding arising out of this Agreement. **We may at our sole discretion commence any action seeking judicial intervention to recover the Collateral in any State Court where the Collateral may be physically located.** You waive any objection based on improper venue and/or forum non-conveniens. You irrevocably grant us the right to make such filings under the Uniform Commercial Code as we deem necessary. You agree to pay us interest on all past due amounts at the lower of 1.5% per month or the highest rate allowed by law. You will not assign your rights under this Agreement, or permit the Collateral to be used by anyone other than you. We may assign this Agreement, in whole or in part, without notice to you or without your consent. You agree that our assignee will have the same rights and benefits that we have now, but will not be subject to any claims, defenses or set offs that you may have against us. **This Agreement constitutes the entire agreement between the parties, and supersede all prior negotiations, written or oral, including any written offer or proposal describing and/or summarizing the terms of any proposed lease/financing. This Agreement cannot be modified except in writing signed by the party against whom enforcement is sought. Debtor represents to Creditor that it shall not allege in any court proceeding that the parties entered into an oral modification of this Agreement, and further agrees, that in any event, any such oral modification shall not be enforceable unless it is reduced to a writing signed by the party against whom enforcement is sought.** You represent and warrant to us that all information conveyed to us in connection with this Agreement and all related documents whether by you, a guarantor, a supplier or any other person, is true, accurate, complete and not misleading. This Agreement may be executed in separate counterparts which together shall be the same instrument. You agree this Agreement may be signed electronically pursuant to the Electronic Signatures in Global and National Commerce Act and other applicable law. All fees may not only cover our costs but may include a profit. You may not repay this Agreement without our prior written consent. If Debtor constitutes more than one person, the liability of each shall be joint and several. Delivery of this Agreement bearing a facsimile signature, electronic signature, or other signature which is not in ink, shall have the same force and effect as if this document bore an original ink signature. The electronic transmission of this Agreement shall have the same force and effect as delivery of an original and shall be legally admissible under the best or original evidence rule. Any notice given hereunder shall be in writing and deemed given two business days after being deposited with the US Postal Service, first class postage prepaid, and addressed to the Debtor at its address set for above or to Creditor at 575 Anton Blvd., 12th Floor, Costa Mesa, CA 92626, or such other address given to the sender by written notice.

**Initial:** *BP* [Inits]