# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIS BANK, a Georgia corporation doing business as BALBOA CAPITAL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>GLOWDOC, LLC, a Louisiana Limited Liability Company; BHAVINIBEN PATEL aka BVAHINI PATEL aka BHAVINIBEN SURSHBHAI PATEL aka BHAVINIBEN SURSHBHAI PATEL, M.D., an individual,<br><br>Defendants. | Case No. 8:24-cv-00522-JWH-KES<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [ECF No. 23]** |

Before the Court is the unopposed motion of Plaintiff Ameris Bank, doing business as Balboa Capital Corporation ("Balboa"), for default judgment against Defendants Glowdoc, LLC and Bhaviniben Patel aka Bvahini Patel aka Sureshbhai Patel aka Sureshbhai Patel, MD, an individual.[1] The Court concludes that this matter is appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support, and in the absence of any opposition,[2] the Court **GRANTS** Balboa's Motion.

## I. BACKGROUND

Balboa commenced this action in March 2024. In its Complaint, Balboa asserts one claim against Glowdoc for breach of equipment financing agreement and one claim against Patel—"a managing member and/or owner and authorized agent" of Glowdoc—for breach of personal guaranty.[3]

Specifically, Balboa alleges that Defendants entered into a contract with Balboa to finance certain collateral—an Equipment Financing Agreement No. 266478-004 (the "Financing Agreement") with a principal sum of $143,260.00 and Patel's separate, written personal guaranty (the "Personal Guaranty") of that Financing Agreement.[4] Balboa alleges that Glowdoc breached the Financing Agreement in October 2023 by failing to make the monthly payment due..[5] Glowdoc's failure to make its monthly payments put it

---

[1] Pl.'s Mot. for Default J. Against Defs. (the "Motion") [ECF No. 23].

[2] The Court considered the documents of record in this action, including the following papers: (1) Compl. (the "Complaint") (including its attachments) [ECF No. 1]; and (2) Motion (including its attachments).

[3] *See generally* Complaint; *see also id.* at ¶ 3.

[4] *Id.* at ¶ 12; *see also id.*, Ex. 2 (the "Financing Agreement and Personal Guaranty").

[5] *Id.* at ¶ 13.

into default on the Financing Agreement under the contract's terms.[6] Pursuant to the Financing Agreement, in light of Glowdoc's breach, Balboa declared the entire balance under the contract—$132,600.78—due immediately.[7] Following the default by Glowdoc, Balboa demanded that Patel make the payments that were required under the Financing Agreement; Patel failed to meet the guaranty obligations.[8] Pursuant to the terms of the Financing Agreement, Balboa is also entitled to late fees and pre-judgment interest at a rate of 10% *per annum* from the date of breach (October 27, 2023).[9] Defendants must also cover costs and reasonable attorneys' fees.[10]

Through the instant Motion, Balboa seeks a judgment for the total contractual amount due—$135,922.23—plus contractual interest, costs, and reasonable attorneys' fees from Glowdoc and Patel, jointly and severally.[11]

## II.  LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor

---

[6]  *Id.*
[7]  *Id.* at ¶ 14.
[8]  *Id.* at ¶ 21.
[9]  *Id.* at ¶¶ 13 & 16.
[10] *Id.* at ¶ 17.
[11] *See generally* Motion.

nor an incompetent person." Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

This Court's Local Rules require an applicant for default judgment also to file a declaration that conforms to the requirements of Rule 55(b) of the Federal Rules of Civil Procedure and that includes the following information:

> (a) When and against which party the default was entered;
> (b) The identification of the pleading to which default was entered;
> (c) Whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative;
> (d) That the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and
> (e) That notice of the application has been served on the defaulting party, if required by F[ed.] R. Civ. P. 55(b)(2).

L.R. 55-1.

If the applicant meets the procedural requirements, then "[g]ranting or denying a motion for default judgment is a matter within the court's discretion." *Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F. Supp. 2d 916, 919 (C.D. Cal. 2010) (internal quotation omitted). In exercising its discretion, a court may consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) (the "*Eitel* factors").

"Once a party's default has been entered, the factual allegations of the complaint, except those concerning damages, are deemed to have been admitted by the non-responding party." *Landstar*, 725 F. Supp. 2d at 920. "The court, however, must still consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Id.* (internal quotation omitted). "If the court determines that the allegations in the complaint are sufficient to establish liability, it must then determine the amount and character of the relief that should be awarded." *Id.* (internal quotation omitted).

"Plaintiffs are required to prove all damages sought in the complaint, and such damages 'shall not be different in kind from, or exceed in amount, what is demanded in the pleadings.'" *Espresso Republic, LLC v. Coffee*, 2016 WL 7176564, at *2 (C.D. Cal. Dec. 7, 2016) (quoting Fed. R. Civ. P. 54(c)). "'Plaintiff's burden in "proving up" damages is relatively lenient,'" but "sufficient facts, necessary to determine damages, must be provided to the court." *Id.* (quoting *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003)). "If the amount claimed in a judgment by default is unliquidated, the applicant may submit evidence of the amount of damages by declarations." L.R. 55-2. "Notice must be given to the defaulting party of the amount requested." *Id.*

### III.  ANALYSIS

**A.  Procedural Requirements**

Balboa satisfied the procedural requirements for entry of default judgment by the Court. Pursuant to Rule 55, Balboa did not petition for entry of default judgment until after default was entered against Defendants by the Clerk.

**B.  Application of the *Eitel* Factors**

In this case, the *Eitel* factors collectively weigh in favor of awarding default judgment.

### 1. Possibility of Prejudice to Plaintiff

The first *Eitel* factor considers whether the plaintiff will be prejudiced if default is not entered. If the Motion is not granted, then, in view of Defendants' failure to communicate with Balboa or engage in this action at all, Balboa "will likely be without other recourse for recovery." *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). This factor therefore weighs in favor of granting the Motion.

### 2. Merits of Plaintiff's Claim and Sufficiency of Complaint

The second and third *Eitel* factors assess the merits of the plaintiff's substantive claim and the sufficiency of the complaint. Those factors require the plaintiff to state a claim upon which it may recover. *See, e.g.*, *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).

Under California law, "[t]he elements of a cause of action for breach of contract include the existence of a contract, the plaintiff's performance or excuse for nonperformance, the defendant's breach, and resulting damages to the plaintiff." *J.B.B. Inv. Partners Ltd. v. Fair*, 37 Cal. App. 5th 1, 9, *as modified* (July 1, 2019). "The first element—the existence of a contract . . . requires parties capable of contracting, their consent, a lawful object, and a sufficient cause or consideration." *Id.* "When a contract is reduced to writing," as it is in this case, "the intention of the parties is to be ascertained from the writing alone, if possible." Cal. Civ. Code § 1639. "The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity." Cal. Civ. Code § 1638. "Interpretation of a contract is solely a question of law unless the interpretation turns upon the credibility of extrinsic evidence." *Badie v. Bank of Am.*, 67 Cal. App. 4th 779, 799 (1998).

Here, Balboa has averred sufficiently detailed facts, now taken as true, to show that Glowdoc breached the Financing Agreement and that Patel breached the Personal Guaranty. Under the Financing Agreement, Balboa loaned

Glowdoc the sum of $143,260.00.[12]  Concurrent with the execution of the Financing Agreement, Patel personally guaranteed, in writing, the payment of the then-existing and future indebtedness due and owing to Balboa under the Financing Agreement.[13]  In October 2023, Glowdoc breached the Financing Agreement, and Patel breached the Personal Guaranty by failing to make payments.  Because Defendants have failed to appear, they have not asserted any defenses.  As such, the second and third *Eitel* factors favor Balboa.

### 3. Sum of Money at Stake

With respect to the fourth *Eitel* factor, "[d]efault judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014).  Here, Balboa requests a total of $159,094.99,[14] which includes the following:

- the principal amount due pursuant to the defaulted Financing Agreement of $135,922.23;
- $16,013.20 in prejudgment interest at a rate of 10% *per annum* (430 days— *i.e.*, October 27, 2023, to December 30, 2024—at $37.24 per day);
- $674.28 in litigation costs incurred; and
- $6,485.28 in attorneys' fees.[15]

---

[12]   *Id.* at 3:5; Financing Agreement and Personal Guaranty.

[13]   Motion 3:23-26; Financing Agreement and Personal Guaranty.

[14]   Decl. of Don Ngo in Supp. of Motion (the "Ngo Declaration") [ECF No. 23-3] ¶ 20.

[15]   Motion 4:11-14.  Although Balboa asserts that it should be reimbursed for the attorney hours expended during this case, the Court instead awards attorney's fees as set forth in L.R. 55-3, in the amount of $6,485.28.  *See, e.g.*, *Ameris Bank v. Silverback Processing LLC*, 2024 WL 891801, at *4 (C.D. Cal. Feb. 12, 2024) ("Plaintiffs' fee award is fixed by the Local Rules[.]"); *Ameris*

Those amounts are plainly contemplated in the Financing Agreement itself or the Local Rules; as such, they are reasonable for purposes of the *Eitel* inquiry. Thus, the fourth *Eitel* factor weighs in favor of default judgment.

### 4. Possibility of Dispute Concerning Material Facts

The fifth *Eitel* factor "considers the possibility that material facts are disputed." *Vogel*, 992 F. Supp. 2d at 1012. Upon entry of default, all well-pleaded factual allegations are deemed true—except those pertaining to damages. *TeleVideo Systems Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987); *Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."). Because Defendants failed to appear in this action, it is unlikely that disputes as to material facts will arise. *See id.* Accordingly, this factor favors default judgment.

### 5. Whether Default Was Due to Excusable Neglect

The sixth factor addresses whether default was due to excusable neglect. Here, Defendants were properly served in April 2024,[16] such that this factor favors default judgment. *See, e.g.*, *Globe Ent. & Media, Corp. v. Glob. Images USA*, 2022 WL 2703845 (C.D. Cal. July 11, 2022); *Tesoro Ref. & Mktg. Co. LLC v. Petroleum One, Inc.*, 2014 WL 814018 (C.D. Cal. Mar. 3, 2014).

### 6. Strong Policy Favoring Decision on the Merits

Finally, although "[c]ases should be decided upon their merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472, default judgment may be entered

---

*Bank v. Jerry Harvey Audio LLC*, 2024 WL 3298755, at *4 (C.D. Cal. May 21, 2024) (same).

[16] Proofs of Service [ECF Nos. 17 & 18].

when a defendant fails to appear. *See, e.g.*, *PepsiCo*, 238 F. Supp. 2d at 1177. This factor does not preclude the entry of default judgment.

In sum, six of the seven the *Eitel* factors weigh in favor of default judgment and the last is neutral. Because the majority of the factors weigh in favor of default judgment, Balboa's Motion is **GRANTED**.

## IV. DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Balboa's instant Motion for default judgment [ECF No. 23] is **GRANTED**.

2. Judgment will issue accordingly.

**IT IS SO ORDERED.**

Dated: December 30, 2024

John W. Holcomb
UNITED STATES DISTRICT JUDGE